UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| ZELDA DAVIDSON,<br>     **Plaintiff,**<br><br>V.<br><br>JRN, INC.,<br>     **Defendant.** | CIVIL ACTION NO. 6:24-29-KKC<br><br><br>**OPINION AND ORDER** |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the motion to remand filed by the plaintiff Zelda Davidson. (DE 11). Defendant has filed no response. For the following reasons, the motion will be granted.

Davidson commenced this action in Laurel Circuit Court. She asserts a premise liability claim against the Defendant. In her complaint, she alleges that she was an invitee of defendant JRN, Inc. d/b/a Kentucky Fried Chicken when she tripped over an unmarked curb, resulting in multiple injuries. (DE 1-2, State Court Complaint.) She claims that she continues to experience physical pain and suffering, emotional pain and suffering, permanent physical, mental and emotional impairment and loss of enjoyment to life. (*Id*.) Davidson seeks compensatory damages and attorney's fees, costs, and expenses. (*Id*.)

The defendant JRN, Inc. ("JRN") removed the matter to this Court, asserting that this Court has jurisdiction under 28 U.S.C. § 1332(a), which establishes federal jurisdiction over a matter that is between citizens of different states where the amount in controversy is more than $75,000. There is no dispute that Davidson and JRN are from different states. As to the

amount in controversy, in her complaint Davidson does not state an amount, rather she generally states the categories of damages she seeks. (DE 1-2.)

In her motion to remand, however, Davidson submits a stipulation that appears to limit the damages that she will seek in the state court action. (DE 11-1, Stipulation.) The amount in controversy is determined by the status of the case at the time of removal. *Rogers, Inc.*, 230 F.3d at 871. Nevertheless, courts have accepted stipulations filed after removal where the stipulation merely *clarifies* the amount in controversy and does not *change* the amount in controversy from the time of removal. *See e.g., Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774, 777–78 (W.D.Ky.2002); *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305, 1309 (E.D. Ky. 1990); *Helton v. Lelion,* No. CIV.A. 5:14-363-DCR, 2014 WL 5824894, at *3 (E.D. Ky. Nov. 10, 2014).

As discussed, the amount in controversy is not clear from the face of the plaintiff's complaint. Accordingly, the Court will consider the stipulation to the extent it clarifies the amount in controversy. The stipulation states, "Plaintiff will neither seek nor accept any amount equal to or greater than seventy-five thousand dollars ($75,000), inclusive of punitive damages, costs, attorneys' fees, and the fair market value of any injunctive relief." The stipulation further states that it "is intended to be unequivocal and binding on Plaintiff, and it is Plaintiff's intention that this Stipulation be used by the Court to limit the amount of any award to him." (DE 11-1.)

This clarifies that the plaintiff will neither make a demand for nor accept any amount that exceeds $75,000. Further, the stipulation is binding and "leaves Plaintiff no room to escape the bounds of its restrictions." *Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013). The state court "will be forced to rely on this stipulation to prevent the award of excess damages." *Id*. The stipulation is the first time Davidson provides specific information

about the amount in controversy. Thus, it is a clarification rather than a reduction of the amount in controversy. *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014) (citing *Egan*, 237 F. Supp. 2d at 778). Because of this, the case may be remanded.

For all these reasons, the Court hereby ORDERS as follows:

1) the motion to remand (DE 11) is GRANTED; and

2) this matter is REMANDED to the Laurel Circuit Court.

This 3rd day of April, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY